**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Big O Tires, Inc., ) | No. CV-06-117-PHX-EHC |
| Plaintiff ) | **SETTLEMENT CONFERENCE ORDER** |
| vs. ) | |
| Gilbert Road Tire & Auto, Inc.; Lamoine Gunnel, ) | |
| Defendants. ) | |

This case has been referred to United States Magistrate Judge Lawrence O. Anderson for a Settlement Conference.

The purpose of the Settlement Conference is to facilitate settlement of this case, if that is appropriate. It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned expressly in confidence will be kept confidential, and will not be disclosed to any other party. Rule 408, Federal Rules of Evidence, applies to all aspects of the Settlement Conference. All communications and information exchanges made in the settlement process, not otherwise discoverable, will not be admissible in evidence for any purpose, and shall not be used for any purpose outside the settlement process itself. At the conclusion of the Settlement Conference, all documents submitted by the parties shall be returned, destroyed, or otherwise disposed of in the manner directed by the settlement judge.

At the Settlement Conference and subject to modification by the Court depending on the uniqueness of each case, each party, through counsel or individually if

unrepresented, shall give a brief presentation outlining the factual and legal highlights of that party's case and may be asked general and specific questions by the Court. Thereafter, separate and private caucuses will be held with each party, the party's representative and the settlement judge.   Complete candor with the Court is not only expected but required. See, In the Matter of Fee, 182 Ariz. 597, 898 P.2d 975 (1995).

This Order mandating the parties,' representatives,' and insurers' physical appearance is intended to increase the efficiency and effectiveness of the Settlement Conference by reducing the time for communication of offers and expanding the ability to explore the varied options for settlement, to give the adverse parties the opportunity to hear the rationale and arguments regarding the likelihood of success of the claims/defenses directly from the lawyers who will be trying the case, to meet the litigants and representatives themselves and to hear first-hand the candid and  objective comments by the unbiased settlement judge regarding the case or the judicial process.

Years of experience has taught the undersigned that the physical presence, rather than the availability by telephone, and participation of those individuals with the authority to settle cases will substantially increase the likelihood of settlement and will lead to more meaningful negotiations. Consequently, and pursuant to the authority granted to the Court in 28 U.S.C. §473(b)(5), representatives of the parties with authority to bind them in settlement discussion shall be physically present unless expressly excused by the undersigned by formal motion and order issued prior to the subject settlement conference for good cause shown.

Accordingly,

Pursuant to Rule 16, Federal Rules of Civil Procedure, and 28 U.S.C. §473 (b)(5),

**IT IS ORDERED** that:

1. All parties and their counsel who are responsible for trial of this case **SHALL** physically appear before the undersigned settlement judge, Courtroom 302, Sandra Day O'Connor U. S. Courthouse, 401 West Washington Street, Phoenix, Arizona  on

1 **Tuesday, June 27, 2006 at 2:00 p.m.**  The Court has allocated 1½ hours for the Settlement
2 Conference.

3       If a Defendant is an insured party, a representative of that party's insurer with
4 full and complete authority[1] to discuss settlement of the case **SHALL** physically appear at
5 the aforesaid date and time.  An uninsured or self-insured corporate party **SHALL** physically
6 appear at aforesaid Settlement Conference through its authorized representative with full and
7 complete authority[2] to discuss settlement of the case.  See, <u>Pitman v. Brinker International,
8 Inc.</u>, 216 F.R.D. 481 (D. Ariz. 2003) amended on reconsideration in part by 2003 WL
9 23353478, 1 (D. Ariz. 2003); <u>Gee Gee Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir.,
10 2001) (District judge acted well within his discretion by imposing a monetary fine payable
11 to the Clerk of the District Court as a sanction for failing to prepare requested memorandum
12 and deciding to send a corporate representative to ADR conference with limited authority.);
13 <u>Lockhart v. Patel, M.D.</u>, 115 F.R.D. 44 (E.D.Ky 1987)(In medical malpractice action, answer
14 stricken for failure of insurance representative with authority to settle to appear at settlement
15 conference.).

16       2.  Experience teaches that settlement conferences are often unproductive
17 unless the parties have exchanged demands and offers of compromise before the conference
18 and have made a serious effort to settle the case on their own.  Accordingly, before arriving
19 at the Settlement Conference the parties shall  negotiate and make a good faith effort to settle
20 the case without the involvement of the Court.  The parties shall exchange written
21 correspondence regarding settlement. The Plaintiffs' settlement demand (offer of settlement
22 terms) shall be delivered to defense counsel, the insurer(s)  and corporate representative, if

---

24,25,26,27 [1] "Full and complete authority" within this Order means that the individual appearing for, or on behalf of, the Defendant(s) shall have the express authority and discretion to authorize the payment to, or accept the terms of, Plaintiff's last settlement demand. "Full and complete authority" does not mean, however, that Defendant or representative is required to pay such demand or any sum whatsoever.

28 [2] *Id.*

- 3 -

1 any, not less than **20** days before the Settlement Conference Memoranda is due.  Defendants'
2 response to Plaintiff's settlement demand shall be delivered to Plaintiffs' counsel not less than
3 **12** days before the Settlement Conference Memoranda is due.

4    3.  If a third person or corporate entity is involved, such as, a worker's
5 compensation carrier or a health insurance carrier, who asserts a substantial lien on any
6 settlement monies for medical and hospital expenses and/or lost wages, arrangements shall
7 be made to notify said person or entity of the Settlement Conference.  Plaintiffs' counsel
8 shall promptly provide a true and complete copy of this Order to said person, entity or its
9 authorized representative who is invited to appear and participate in the Settlement
10 Conference in the sole discretion of the undersigned.  See, A.R.S. §23-1023(c); Stout v. State
11 Compensation Fund, 197 Ariz. 238, 3P.3d 1158 (2000).

12    4.  In the absence of a prior order by the undersigned to the contrary, all
13 Settlement Conference Memoranda are to be exchanged between counsel or unrepresented
14 party no later than **five (5) business days prior to the Settlement Conference.** Counsel and
15 all individuals attending the Settlement Conference shall read and review all parties'
16 memoranda.  Counsel shall explain the settlement conference procedures to their clients and
17 representatives before the Settlement Conference.

18    Each party shall provide the Court with the original of that party's Settlement
19 Conference Memoranda, **at least, five (5) business days before the Settlement Conference**.
20 The Settlement Conference Memoranda shall **NOT** be filed with the Clerk.  The original
21 Memoranda is to be delivered directly to the chambers of U. S. Magistrate Judge Lawrence
22 O. Anderson or e-mailed to the udnersigned's CM/ECF Central Mailbox
23 (anderson_chambers@azd.uscourts.gov)[3].  Each Memorandum shall address the following:
24    a.  A brief statement of the facts of the case.
25    b. A brief statement of the claims and defenses, i.e., statutory or other grounds
26 upon which the claims are founded, including the citation to appropriate authorities;  the

---

[3]This mailbox is not to be used to communicate with the Court or his staff.

reasonable damages allegedly incurred by Plaintiff and, if appropriate, Counterclaimant; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

  c. A summary of the proceedings to date including rulings on motions and motions outstanding, if any.

  d. An estimate of the costs and time to be expended for further discovery, pretrial and trial, including past and future attorneys' and experts' fees.

  e. A brief statement of the facts and issues upon which the parties agree.

  f. Whether there is/are any distinct or dominant issue(s) which, if resolved, would likely aid in the disposition of the case.

  g. The relief sought.

  h. Each party's position on settlement, including present demands and offers and the history of past settlement discussions, offers and demands.

  In the absence of any order by the undersigned to the contrary, each party's Settlement Conference Memoranda shall not exceed seventeen (17) pages exclusive of attachments and shall otherwise comply with the Rules of Practice for the United States District Court for the District of Arizona. See, Rules 7.2 and 7.1(b)(1), LRCiv, Rules of Practice, District of Arizona, as amended on December 1, 2004. No responsive memorandum shall be permitted.

  5. If the Settlement Conference is held, the Court will assume that the parties have agreed to separate meetings (caucuses) with the settlement judge. Ethical rules prohibit *ex parte* caucuses without such agreement. By appearing at this conference, the Court will deem that the parties have consented to this procedure and have waived any objection thereto unless a written Objection is filed not less than three (3) business days before the Settlement Conference.

  6. Absent good cause shown, if any party, counsel or representative fails to promptly appear at the Settlement Conference, fails to comply with the terms of this Order, including the failure to timely provide the settlement conference memoranda, is substantially

- 5 -

1  unprepared to meaningfully participate in the Settlement Conference, or fails to participate
2  in good faith in the Settlement Conference, the settlement conference may be vacated and
3  sanctions may be imposed pursuant to Rules 16(f) and 37(b)(2)(B) (C), and (D), Federal
4  Rules of Civil Procedure which may include the entry of default judgment, dismissal of the
5  Complaint and/or an award of reasonable attorney's fees and expenses and/or a finding of
6  contempt.  See, G. Heileman Brening Inc. v. Joseph Oat Corporation, 871 F.2d 648 (7th Cir.,
7  1989); Lockhart v. Patel, M.D., supra.; Gee Gee Nick v. Morgan's Foods, Inc., supra.

8        7.  Counsel and any party, if unrepresented by counsel, shall notify the Court
9  in writing, at least,  ten (10) business days before the Settlement Conference if one or more
10 of the attorneys or unrepresented parties believes that the Settlement Conference would be
11 a futile act resulting in an economic waste because, for example, a party or insurer has
12 adopted an unreasonable position from which that party or insurer refuses to deviate.  The
13 Court will then consider whether the Settlement Conference would be helpful and, if not,
14 whether the Settlement Conference should be canceled or other forms of alternative dispute
15 resolutions may be considered.  If there is disagreement between or among the attorneys or
16 unrepresented parties on this issue or any other issue, they are instructed to arrange for a
17 telephonic conference with the Court and all counsel as soon as is reasonably practical.  If
18 no such conference is arranged, it will be presumed that all counsel, their clients and any
19 unrepresented party believe that there is a reasonable, good faith opportunity for settlement,
20 and that the involvement of a settlement judge is needed to accomplish it.

21     DATED this 12th day of May, 2006.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge

- 6 -